UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JIMMY ALONZO, 10R2921,

                Plaintiff,

                -against-

JOSEPH MALDONADO, P.O. 5764/110/3,
ROBERT DOROSKI, P.O. 1228-3160-TZ,
6th PRECINCT, SUFFOLK COUNTY,

                Defendants.
------------------------------------------------------------X

**ORDER**
12-CV-4585(SJF)(ARL)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ OCT 09 2012 ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

I.    Introduction

        Incarcerated pro se plaintiff Jimmy Alonzo ("plaintiff") has filed a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983) against the Sixth Police Precinct, Suffolk County (the "Precinct") and police officers Joseph Maldonado ("Officer Maldonado") and Robert Doroski ("Officer Doroski"). [Docket Entry No. 1] ("Compl."). Accompanying the complaint is an application to proceed in forma pauperis. Upon review of plaintiff's declaration in support of his application, the Court finds that plaintiff's financial position qualifies him to commence this action without prepayment of the Court's filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed in forma pauperis is granted. However, for the reasons discussed herein, plaintiff's claims against the Precinct are sua sponte dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b). Plaintiff's claims against Officers Maldonado and Doroski may proceed.

II.    The Complaint

        Plaintiff's brief complaint, submitted on the Court's Section 1983 complaint form, alleges

that on September 27, 2009, he was assaulted by Officer Maldonado while inside the Sixth Police Precinct in Suffolk County, New York. Compl. at ¶ IV. Plaintiff claims that Officer Maldonado "twisted [his] arm until he broke it" and then "placed handcuffs on [him] and cuffed [him] to the wall for several hours." Id. According to the complaint, "every other hour, [Officer Maldonado] and [Officer] Doroski came to the area and adjusted the handcuffs to make them more [sic] tighter and stated they would loosen them once [plaintiff] give [sic] them the information they needed to proceed with their case." Id. Plaintiff also claims that the officers ignored his requests for medical attention for hours. Id.

Plaintiff alleges that he had two surgeries on his left hand, one on December 17, 2009 and one on February 23, 2010, and now has a metal rod inside his hand. Compl. at ¶ IV.A. Plaintiff claims that his hand "isn't healed properly." Id. As a result, plaintiff seeks unspecified "compensation." Compl. at ¶ V.

III. Discussion

    A.     In Forma Pauperis Application

Upon review of plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed in forma pauperis is granted.

    B.     The Prison Litigation Reform Act

The Prison Litigation Reform Act requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.

§§ 1915(e)(2)(B)(i)-(iii), 1915A(a)-(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that the Court is required to read a pro se plaintiff's complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), and to construe it "'to raise the strongest arguments'" suggested, Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Harris v. City of N.Y., 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010).

A complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

C. Section 1983 Standard

Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

To state a cognizable Section 1983 claim, a plaintiff must allege that the challenged conduct was

3

"committed by a person acting under color of state law" and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (internal quotation marks omitted). Section 1983 does not create any independent substantive rights but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

D. Claims Against the Precinct

"Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp.2d 463, 477 (E.D.N.Y. 2002).

Because the Precinct is an administrative arm of Suffolk County without an independent legal identity, it lacks the capacity to be sued. Accordingly, plaintiff's Section 1983 claims against the Precinct are dismissed with prejudice.

E. Claims Against Officers Maldonado and Doroski

Plaintiff's excessive force and deliberate indifference claims against Officers Maldonado and Doroski may proceed. In accordance with the Second Circuit's guidance that "'[s]ua sponte dismissal of pro se prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored,'" McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (quoting Moorish Sci. Temple of Am. Inc. v. Smith, 693 F. 2d 987, 990 (2d Cir. 1982) (citations omitted)), the Court declines to dismiss the excessive force and deliberate indifference claims against these defendants at this early stage in the proceedings.

IV. Conclusion

For the reasons set forth above: (1) plaintiff's application to proceed in forma pauperis is granted; (2) plaintiff's claims against the Precinct are dismissed with prejudice; and (3) plaintiff's claims against Officers Maldonado and Doroski shall proceed.

The Clerk of the Court shall forward copies of the summonses, the complaint, and this Order to the United States Marshals Service for service upon Officers Maldonado and Doroski forthwith.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962)

SO ORDERED.

Dated: October 1, 2012
Central Islip, New York

s/ Sandra J. Feuerstein
_____
Sandra J. Feuerstein
United States District Judge

5