UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JIMMY ALONZO,

                Plaintiff,

              -against-

JOSEPH MALDONADO, P.O. 5764/110/3,
ROBERT DOROSKI, P.O. 1228-3160-TZ,
6th PRECINCT, SUFFOLK COUNTY,

                Defendants.
----------------------------------------------------------------X

ORDER
12-CV-4585 (SJF)(ARL)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   FEB 2 7 2015   ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

During a pretrial conference held before me on October 22, 2014, plaintiff's counsel: (1) indicated (a) that he had not spoken with plaintiff since February 2014, (b) that the telephone number he has on file for plaintiff is no longer in service, and (c) that he believes plaintiff was deported to the Dominican Republic in February 2014; and (2) requested additional time to investigate. Accordingly, I, *inter alia*, adjourned the pretrial conference to afford plaintiff's counsel an opportunity to investigate whether plaintiff was deported or not and advised that the case would be dismissed for failure to prosecute if plaintiff's counsel was unable to locate his client.

During the pretrial conference on January 26, 2015, plaintiff's counsel advised that his firm had still been unable to get in touch with plaintiff and did not know where plaintiff was, and again requested an adjournment to try to locate him. I, *inter alia*, advised plaintiff's counsel that I would issue an order to show cause why the case should not be dismissed for plaintiff's failure to advise his counsel of his whereabouts and, thereby, to prosecute the action.

By order dated January 26, 2015, plaintiff was: (1) ordered to show cause on or before February 26, 2015 why this action should not be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for his failure to prosecute by not advising his counsel of his

1

present location or address; and (2) advised that his failure to respond to the order to show cause would result in this action being dismissed in its entirety with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure without further notice. Notice of entry of the February 26, 2015 order was served upon plaintiff's counsel via the Court's electronic case filing ("ECF") system on that same date.

Plaintiff did not respond to the order to show cause and, during his appearance before me on February 26, 2015, plaintiff's counsel, *inter alia*, advised that his law firm had been unable to locate plaintiff. Accordingly, and since, *inter alia*, "[a] failure to dismiss would likely leave the case pending for an indefinite time into the future[,]" Crawn v. Town of Wallkill, No. 07 Civ. 1032, 2013 WL 3227216, at * 2 (S.D.N.Y. June 26, 2013) (quotations and citation omitted); see also Rennie v. City of New York, No. 95 Civ. 2234, 1996 WL 2002, at * 1 (S.D.N.Y. Jan. 3, 1996) ("[W]here the Court is faced with a plaintiff * * * who seems uninterested in pursuing his opportunity for due process, * * * justice requires clearing the dormant case from the docket and removing the cloud from defendants"), this action is hereby dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for plaintiff's failure to comply with the January 26, 2015 order and to prosecute this action for over one (1) year. See Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (holding that Rule 41(b) authorizes dismissal of an action for failure to prosecute or comply with a court order); Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009) (holding that Rule 41(b) explicitly sanctions dismissal of an action for failure to prosecute). The Clerk of the Court is directed to enter judgment in favor of defendants and to close this case.

SO ORDERED.

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: February 27, 2015
Central Islip, New York